UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRINCIPAL BANK,

        Plaintiff,

vs.                        Case No.  2:10-cv-190-FtM-29DNF

FIRST AMERICAN MORTGAGE, INC.,
CONSTRUCTION DISBURSEMENT SERVICES,
INC., FIRST AMERICAN MORTGAGE
SERVICING, INC., FIRST AMERICAN
MORTGAGE FUNDING, LLC, BUILDERS
MORTGAGE COMPANY, LLC and WELLS
FARGO BANK, N.A.,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment Against First American Mortgage, Inc. on Count Four and Against First American Mortgage Funding, LLC on Count Five of the Fourth Amended Complaint (Doc. #440) filed on June 22, 2012. Defendants filed a Consolidated Response (Doc. #473) on July 30, 2012, and plaintiff filed an authorized Reply (Doc. #489) on September 12, 2012. Defendants Builders Mortgage Company, LLC and Wells Fargo Bank N.A. also filed a Response (Doc. #474) but plaintiff does not seek summary judgment against these defendants and neither are named in Counts Four or Five.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law."   Fed. R. Civ. P. 56(c).   "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).   A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).   To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if

reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

Plaintiff seeks summary judgment on Count Four for breach of the undisputed terms of a warranty provision contained in the Master Loan Participation Agreement (Participation Agreement) entered into between Norlarco Credit Union (Norlarco), Principal Bank (Principal or plaintiff) and First American Mortgage, Inc. (FAM). Plaintiff seeks summary judgment on Count Five for a third-party beneficiary breach of contract claim also as to FAM.

After due consideration to the arguments, and a review of the affidavits, the Court finds that a clear dispute of material facts precludes summary judgment. Summary Judgment will be denied as to both counts.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Summary Judgment Against First American Mortgage, Inc. on Count Four and Against First American Mortgage Funding, LLC on Count Five of the Fourth Amended Complaint (Doc. #440) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of March, 2013.


JOHN E. STEELE
United States District Judge


Copies:
Counsel of record

-4-