```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

PRINCIPAL BANK,

      Plaintiff,

v.                                         Case No: 2:10-cv-190-FtM-29DNF

FIRST AMERICAN MORTGAGE, INC., CONSTRUCTION DISBURSEMENT SERVICES, INC., FIRST AMERICAN MORTGAGE SERVICING, INC., FIRST AMERICAN MORTGAGE FUNDING, LLC, BUILDERS MORTGAGE COMPANY, LLC, and WELLS FARGO BANK, N.A.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Fifth Amended Complaint (Doc. #495) filed on April 15, 2013. While motions to dismiss and strike are pending, the Court *sua sponte* raises the issue of its subject-matter jurisdiction. Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction". Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction in this case is premised on the complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Doc. #495, ¶ 5.) The Court is satisfied that the amount in controversy is properly pled, but the citizenship of the various parties is a different matter.

Plaintiff Principal Bank alleges that it is "a federal savings bank." (Doc. #495, ¶ 6.) "In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x). Plaintiff's complete allegation in this regard is that "its office [is] in Des Moines, Iowa." (Doc. #495, ¶ 6.) A savings association may have a home office, branch offices, agency offices, administrative offices, and data processing offices. 12 C.F.R. § 545.92(a). The Fifth Amended Complaint does not adequately allege that plaintiff's "office" in Des Moines, Iowa was its "home office."

As to the first three defendants, the Court is satisfied that Plaintiff adequately alleges the citizenship of First American Mortgage, Inc., Construction Disbursement Services, Inc., and First American Mortgage Servicing, Inc. as Colorado corporations

2

with their principal places of business in Colorado. (Doc. #495, ¶ 18.)

As to the fourth defendant, Plaintiff alleges that First American Mortgage Funding, LLC is a Colorado limited liability company whose members "on information and belief" are Colorado citizens. (Doc. #495, ¶ 18.) This is clearly insufficient. A limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Plaintiff has neither identified the members of this LLC nor stated any factual basis for their State(s) of citizenship.

As to the fifth defendant, Plaintiff alleges that Builders Mortgage Company, LLC[1] (Builders Mortgage) was a Delaware limited liability company (Doc. #495, ¶9) with two limited liability companies as its members (Id. at ¶10): First Mortgage Lenders of Florida, LLC, and Wells Fargo Ventures, LLC. It is alleged that the "sole member" of First Mortgage Lenders of Florida, LLC is First Home Builders of Florida (later known as K. Hovnanian First Homes, LLC[2]). (Doc. #495, ¶¶ 1, 10, 11, 39.) Plaintiff later identifies non-party Bruce Robb as a member of the First Mortgage

---

[1] Plaintiff states that Builders Mortgage Company, LLC may be dissolved and is otherwise the alter ego or agent of Wells Fargo, N.A. (Id., ¶¶ 17, 49-77.)

[2] The members of this LLC are not identified.

Lenders of Florida, LLC. (Id., ¶ 23.) Neither the citizenship of the members of First Home Builders of Florida nor the citizenship of Mr. Robb is stated.

As to the second member of Builders Mortgage, it is alleged that Wells Fargo Bank, N.A. is the sole member of Wells Fargo Ventures, LLC. (Id., ¶¶ 10, 12.) As discussed below, Wells Fargo Bank, N.A.'s citizenship is not sufficiently alleged.

As to the sixth defendant, Plaintiff alleges that Wells Fargo Bank, N.A. (Wells Fargo) is a national banking association with its "main office" in Sioux Falls, South Dakota. (Doc. #495, ¶ 7.) "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is a citizen of at least[3] the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Since the designated office may or may not be its "main office" in Sioux Falls, South Dakota, the Court finds that Wells Fargo's citizenship is not adequately pled.

---

[3] There is a split of authority as to whether a national bank is also a citizen of the state of its principal place of business, and a split as to whether Wells Fargo is also a citizen of California. See Shirey v. Wells Fargo Bank, N.A., No. EDCV 13-01603-VAP, 2013 WL 5716882, *2 (C.D. Cal. Oct. 11, 2013)(finding "that for purposes of 28 U.S.C. § 1348, a national bank is also located in the state of its principal place of business.").

Plaintiff will be provided an opportunity pursuant to 28 U.S.C. § 1653 to adequately plead a factual basis for the existence of subject matter jurisdiction. Plaintiff shall file a Supplement to the Fifth Amended Complaint pursuant to Fed. R. Civ. P. 15(d) which sufficiently pleads the citizenship of plaintiff and each defendant.

Accordingly, it is now

**ORDERED:**

1. Plaintiff shall file within **SEVEN (7) DAYS** of this Opinion and Order a Supplement to the Fifth Amended Complaint properly setting forth the citizenship of plaintiff and each defendant.

2. The Court will take the pending motions **under advisement** pending receipt and review of the supplement.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of March, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record