UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRINCIPAL BANK,

    Plaintiff,

v.                                 Case No: 2:10-cv-190-FtM-29DNF

FIRST AMERICAN MORTGAGE, INC., CONSTRUCTION DISBURSEMENT SERVICES, INC., FIRST AMERICAN MORTGAGE SERVICING, INC., FIRST AMERICAN MORTGAGE FUNDING, LLC, BUILDERS MORTGAGE COMPANY, LLC, and WELLS FARGO BANK, N.A.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Builders Mortgage Company, LLC and Wells Fargo Bank N.A.'s Motion to Dismiss the Fifth Amended Complaint (Doc. #508) filed on June 14, 2013. Plaintiff filed a Memorandum in Opposition (Doc. #514) on August 10, 2013. With leave of Court, defendants filed a Reply (Doc. #527). Also before the Court is defendants' Motion to Strike Portions of the Fifth Amended Complaint (Doc. #507) and Plaintiff's Memorandum in Opposition (Doc. #516). Plaintiff seeks oral arguments on both motions. The Court finds that oral arguments are not warranted in this case, therefore the Requests for Oral Argument (Docs. ## 515, 517) will be denied.

In the Fifth Amended Complaint (Doc. #495)[1], as supplemented (Doc. #538), plaintiff asserts claims against Wells Fargo and Builders Mortgage for fraudulent or negligent misrepresentations (Counts I and II), civil conspiracy (Count III), negligent supervision as to Wells Fargo only (Count IV), breach of contract (Count VII), and promissory estoppel (Count VIII).  The remaining counts pertain to other defendants.  Before addressing the merits of defendants' Motion to Dismiss, the Court will address the Motion to Strike (Doc. #507).

**A. Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matter." Hutchings v. Fed. Ins. Co., 6:08-cv-305-Orl-19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008).  "[A] court will not exercise its discretion under the rule to strike a

---

[1] Plaintiff previously filed a First Amended Complaint (Doc. #116) with leave of court to add parties; a Second Amended Complaint (Doc. #118) without opposition with revisions; a Third Amended Complaint (Doc. #224) to add counts; and a Fourth Amended Complaint (Doc. #384) after the first review of the merits of the Third Amended Complaint and leave of court, see Doc. #364.  The Fifth Amended Complaint was permitted as a final opportunity. (Doc. #494.)  Therefore, the previously deferred motions are denied as moot.  (See Docs. #411, #412.)

pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). "[B]ecause striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008).

Defendants seek to strike the following allegations contained in the Fifth Amended Complaint: (1) the allegations referencing the Real Estate Settlement Procedures Act (RESPA); (2) the "Ten Point Test" because plaintiff cannot assert a RESPA claim; (3) plaintiff's standing to sue on behalf of Norlarco; (4) plaintiff's allegations regarding the recruitment of borrowers; (5) plaintiff's characterization of the borrowers as "sham borrowers"; (6) allegations of fraudulent appraisals; (7) the allegation that Donna Garland was employed by Wells Fargo in 2005 and 2006; and (8) the quote in paragraph 1 from a brief in an unrelated case. (Doc. #507, pp. 1-2.)

The Court finds that defendants have not demonstrated that the first seven allegations have no possible relationship to the controversy. Defendants have also failed to show that the allegations will create prejudice. "Prejudice results when the

matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." S.D. v. St. Johns Cnty. Sch. Dist., 3:09-cv-250-J-20TEM, 2012 WL 1941482, at *3 (M.D. Fla. July 7, 2009). Increased time and expense may be sufficient to constitute prejudice, but mere assertions by the moving party that it is prejudiced is insufficient. Id. Therefore, defendants' motion to strike will be denied as to the first seven allegations.

However, the Court will grant the motion as to eighth allegation. The quote from a case by the United States against Wells Fargo in an unrelated case is immaterial and prejudicial.

**B. Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations

4

omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).

Defendants seek dismissal because the documents "central" to or referenced by the Fifth Amended Complaint, but not attached thereto, contradict the allegations in the Fifth Amended Complaint and because the claims must be dismissed as a matter of law. Documents attached to a motion to dismiss may be considered "without converting it to a motion for summary judgment where the attached documents are central to the plaintiff's claim and their authenticity is not challenged." Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)). The Court's "duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the *general and conclusory allegations* of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007)(emphasis added)(citations omitted). Attachments to a complaint that refute "conclusory and speculative"

5

allegations will control. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009).

In this case, the attachments were provided by defendants and not attached to the Fifth Amended Complaint. The Court finds that the factual details outlined in the Fifth Amended Complaint are not general and conclusory such that the exhibits would govern over the allegations taken as true on a motion to dismiss. Additionally, plaintiff disputes some of the documents and therefore the attachments are not properly considered on a motion to dismiss. (Doc. #514, pp. 8-9.)

Upon review, the Court finds that Counts I, II, III, IV, VII, and Count VIII of the Fifth Amended Complaint state plausible claims that rise above a merely "speculative level", Twombly, 550 U.S. at 555. The Court further finds that Principal has sufficiently pled standing and that the exhibits do not "foreclose recovery as a matter of law", Griffin Indus., 496 F.3d at 1206. Therefore the motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Strike Portions of the Fifth Amended Complaint (Doc. #507) is **GRANTED** as to the second paragraph of paragraph 1 in the Fifth Amended Complaint (Doc. #495, p. 2), which is **stricken,** and the motion is otherwise **DENIED.**

2. Plaintiff's Requests for Oral Argument (Docs. ## 515, 517) are **DENIED.**

3. Defendant's Motion to Dismiss the Fifth Amended Complaint (Doc. #508) is **DENIED.**

4. The stay of deadlines imposed by the July 10, 2012, Order (Doc. #462) expired upon the filing of the Fifth Amended Complaint.  The parties shall confer and file a Case Management Report within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

7